IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| MELISSA FRANKS, | ) |
| | ) |
| Plaintiff, | )  2:20-CV-01290-MJH |
| | ) |
| vs. | ) |
| | ) |
| NATIONWIDE PROPERTY & | ) |
| CASUALTY INSURANCE COMPANY, | ) |
| | |
| Defendant, | |

OPINION AND ORDER

Plaintiff, Melissa Franks, brings the within action against Defendant, Nationwide Property & Casualty Insurance Company, for Breach of Contract (Count I) and Bad Faith under Pa.C.S. § 8371 (Count II). (ECF No. 1-2).

Nationwide has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) seeking dismissal of Ms. Franks' Complaint. (ECF Nos. 2 and 3). The matter is now ripe for consideration.

Upon consideration of Ms. Franks' Complaint (ECF No. 1-2), Nationwide's Motion to Dismiss (ECF NO. 2), the respective responses and briefs of the parties (ECF Nos. 3, 6, 7, and 8), and for the following reasons, Nationwide's Motion to Dismiss will be granted. Ms. Franks will be granted leave to amend.

I. Background

Ms. Franks maintained a Nationwide a policy of insurance, which provided for first party medical benefits. (ECF No. 1-2 at ¶ 3). On February 14, 2015, Ms. Franks sustained injuries in a motor vehicle accident in Michigan. *Id*. at ¶ 4. Ms. Franks submitted her medical bills to Nationwide for payment under the policy's first party medical benefits. *Id*. at ¶ 5.

Nationwide allegedly paid said bills until June 13, 2020, when it suspended benefits under Ms. Franks' policy based upon an "Independent Medical Peer Review." *Id*.

Ms. Franks alleges that Nationwide breached its insurance contract by denying payment of her medical bills and because Nationwide lacked a reasonable foundation for its decision. *Id*. at ¶ 6. Ms. Franks further avers that Nationwide selected a biased physician for an "Independent Medical Peer Review." *Id*. at ¶ 15.

In its Motion to Dismiss, Nationwide argues that Ms. Franks' breach of contract claim and her bad faith claim should each be dismissed for lack of specificity. Nationwide also argues that Ms. Franks' bad faith claim should be dismissed, because § 1797 of the Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL) provides an exclusive remedy. Nationwide also argues that, because it obtained a peer review prior to denying benefits, Ms. Franks may not seek damages under § 1797 for 12% interest, attorney's fees, or treble damages.[1]

II.     Standard of Review

When reviewing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[1] Nationwide argues for dismissal of certain remedies available to Ms. Franks under § 1797; however, she has not pleaded a § 1797 claim in her complaint. As such, except for discussion about the preemption issue presented by § 1797, as it relates to Ms. Franks' bad faith claim at Count II of her complaint, the Court will not address Nationwide's arguments about § 1797 remedies specific to this case.

2

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir.2009) (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir.2016) ("Although a reviewing court now affirmatively disregards a pleading's legal conclusions, it must still . . . assume all remaining factual allegations to be true, construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them.") (citing *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n. 1 (3d Cir.2014)).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion School District*, 132 F.3d 902, 906, n. 8 (3d Cir.1997). The primary question in deciding a motion to dismiss is not whether the Plaintiff will ultimately prevail, but rather whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir.2000). The purpose of a motion to dismiss is to "streamline [ ] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326–327, (1989).

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted). Further, amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.' " *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting *Great Western Mining & Mineral Co.*, 615 F.3d at 175).

III.   Discussion

   A. Breach of Contract

Nationwide argues that while Ms. Franks pleads that she had a contract of insurance with Nationwide, she has not pleaded any of the essential terms of that policy including those related to first party benefits. Specifically, Ms. Franks does not aver why her medical treatments at issue were a result of the February 14, 2015 accident and were reasonable and necessary or why Nationwide's reliance on an "independent medical peer review" to deny further medical benefits was unreasonable. Nationwide also argues Ms. Franks fails to aver the amount of damages she allegedly incurred as a result of Nationwide's alleged breach.

Ms. Franks contends the Complaint is sufficiently specific and Nationwide, the writer of the policy, should know what essential terms it allegedly breached. She also argues that Nationwide should know what bills were submitted that it refused to pay.

To state a breach of contract claim in Pennsylvania, a plaintiff must plead three elements: "(1) the existence of a contract, including its essential terms; (2) a breach of that contract; and (3) resultant damages." *Omicron Sys., Inc. v. Weiner*, 860 A.2d 554, 564 (Pa. Super. Ct. 2004)

4

(internal citation and quotations omitted); *see also Cessna v. REA Energy Coop., Inc.*, 258 F. Supp. 3d 566, 587–88 (W.D. Pa. 2017) (applying Pennsylvania breach of contract law to claim in federal court). "When a plaintiff pleads a contract according to its legal effect, the complaint does not need to resort to formulaic recitation of the elements of the alleged contract; rather, the complaint must allege facts sufficient to place the defendant on notice of the contract claim in such a way that the defendant can reasonably respond." *Clapps v. State Farm Ins. Companies*, 447 F. Supp. 3d 293, 297 (E.D. Pa. 2020) (citations omitted).

Here, Ms. Franks does not plead sufficient facts to support her breach of contract claim. While Ms. Franks has pleaded the existence of a policy and that Nationwide denied medical benefits, the specific and essential terms that Nationwide has allegedly breached remain unclear.[2] Further, Ms. Franks' Complaint does not sufficiently plead what damages she seeks for Nationwide's alleged failure to pay first party benefits. While Nationwide may have received bills for which payment was denied, the Complaint does not sufficiently specify the scope of services or amount of billing to identify the damages that Ms. Franks may be seeking in this case. Therefore, without sufficient pleading as to the elements of a breach of contract, Ms. Franks has not adequately pleaded a breach of contract claim.

Accordingly, Nationwide's Motion to Dismiss Count I of the Complaint will be granted. Ms. Franks will be granted leave to amend.

---

[2] As noted in its Reply Brief (ECF No. 8), Nationwide contends that the subject motor vehicle accident occurred in Michigan as alleged in the Complaint, and that Nationwide paid out medical benefits pursuant to Michigan law. Thus, Nationwide argues that Michigan law should be applied to her claim. However, Ms. Frank claims a breach of contract under Pennsylvania law and alleges that her treatment was "reasonable and necessary." (ECF No. 1-2 at ¶¶ 4 and 10). Because of the sparse allegations of the Complaint and the lack of pertinent allegations, this issue cannot be addressed within the present motion to dismiss.

B. Bad Faith

Nationwide seeks dismissal of Ms. Franks' bad faith claim on two grounds. First, it argues that Ms. Franks' averments only include bald, conclusory statements in support of her bad faith claim. Ms. Franks' contends that bad faith is adequately pleaded.

42 Pa.C.S. § 8371 provides a cause of action for bad faith under an insurance policy. The statute provides as follows:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> > (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> > (2) Award punitive damages against the insurer.
> > (3) Assess court costs and attorney fees against the insurer.

42 Pa.C.S. § 8371. Under Pennsylvania law, to recover for bad faith, a plaintiff must prove, by clear and convincing evidence, that: (1) an insurer lacked a reasonable basis for denying a claim; and, (2) knew or recklessly disregarded its lack of reasonable basis in denying it. *Klinger v. State Farm Mut. Auto. Ins. Co.*, 115 F.3d 230, 233 (3d Cir. 1997); *Polselli v. Nationwide Mut. FireIns. Co.*, 23 F.3d 747, 750 (3d Cir. 1994); *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. 1994).

Here, Ms. Franks alleges that Nationwide failed to complete a prompt and thorough investigation, conducted an unfair and unreasonable investigation, failed to objectively and fairly evaluate her claim, and selected a peer review physician who was biased. (ECF NO. 1-2 at ¶ 15). Ms. Franks does not provide any factual support for these legal conclusions. Therefore, Ms. Franks' claim for bad faith lacks sufficient specificity. Accordingly, Nationwide's Motion to Dismiss Count II will be granted. Ms. Franks will be granted leave to amend.

Second, Nationwide argues that Ms. Franks' bad faith claim should be dismissed because § 1797 of the MVFRL provides the exclusive remedy.  Ms. Franks contends that Pennsylvania District Courts have rejected that § 1797 provides for the exclusive remedy for denial of first party benefit claims.

§ 1797 of the MVFRL also provides a cause of action for claims involving the nonpayment of medical expenses under an auto insurance policy: "A provider of medical treatment or rehabilitative services or merchandise or an insured may challenge before a court an insurer's refusal to pay for past or future medical treatment or rehabilitative services or merchandise, the reasonableness or necessity of which the insurer has not challenged before a PRO [Peer Review Organization]." 75 Pa.C.S. § 1797(b)(4).

The Pennsylvania Supreme Court has not ruled on whether § 8371 and § 1797 conflict or whether § 1797 preempts § 8371.  However, both the Pennsylvania Superior Court and the Third Circuit have predicted that the specific provisions of § 1797 preempt the general provisions of § 8371. *See Barnum v. State Farm Mut. Auto. Ins. Co.*, 430 Pa.Super. 488, 635 A.2d 155, 159 (1993), rev'd in part on other grounds, 539 Pa. 673, 652 A.2d 1319 (1994); *see also Gemini Physical Therapy & Rehab., Inc. v. State Farm Mut. Auto. Ins. Co.*, 40 F.3d 63, 67 (3d Cir. 1994).  Following the decisions in *Barnum* and *Gemini*, district courts in this circuit have split on the extent to which § 1797 preempts § 8371. *See Metro. Grp. Prop. & Cas. Ins. Co. v. Hack*, 312 F. Supp. 3d 439, 446 (M.D. Pa. 2018) (collecting cases and providing relevant history of the district split).  While courts agree that § 1797 generally preempts § 8371 in claims for first-party benefits under the MVFRL, "[a] robust majority of courts have held that a Section 8371 claim is not preempted when an insurer's alleged malfeasance goes beyond the scope of Section 1797 or is obviously not amenable to resolution by the procedures set forth in Section 1797(b)." *Id*.

7

A review of the cases, that have addressed the issue of preemption and/or exclusivity of remedies, supports that the analysis is very fact and case specific.  Thus, given the above finding of insufficiency of Ms. Franks' bad faith claim, she has not pleaded sufficient facts to afford any meaningful analysis of the preemption issue in this Motion to Dismiss.

Accordingly, Nationwide's Motion to Dismiss Count II of the Complaint will be granted. Ms. Franks will be granted leave to amend.

## ORDER

And Now this 7th day of  December 2020, following consideration of Ms. Franks' Complaint (ECF No. 1-2), Nationwide's Motion to Dismiss (ECF NO. 2), the respective responses and briefs of the parties (ECF Nos. 3, 6, 7, and 8), and for the foregoing reasons, Nationwide's Motion to Dismiss is granted.  Ms.  Franks' Complaint is dismissed without prejudice.   Ms. Franks is granted leave to amend.

Any amended complaint shall be filed on or before December 21, 2020.  Nationwide shall file its response on or before January 4, 2020.  Should no amended complaint be filed, the clerk will mark this case closed.

BY THE COURT:

_____
Marilyn J. Horan
United States District Judge